IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEENAN L. HUTTON, )
)
Petitioner, )
)
vs. )
) 2:16-cv-8030-LSC
) (2:15-cr-00072-LSC-HGD)
UNITED STATES OF )
AMERICA, )
)
Respondent. )

**MEMORANDUM OF OPINION AND ORDER**

## I.     Introduction

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Keenan L. Hutton ("Hutton"). (Doc. 1.) Hutton claims that her guilty plea was not knowingly and voluntarily made and that her defense counsel was ineffective for failing to file a direct appeal after she asked him to. The United States has responded in opposition to Hutton's § 2255 motion but acknowledges that a limited evidentiary hearing is warranted on Hutton's ineffective assistance of counsel claim as it relates to the direct appeal. (Doc. 5.) For the reasons set forth below, the § 2255 motion is due to be denied and dismissed as to Hutton's involuntary guilty plea claim, and her ineffective assistance of counsel claim is due to be reserved for an evidentiary hearing.

## II. Background

On March 26, 2015, Hutton was indicted by a federal grand jury on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

On May 26, 2015, Hutton pled guilty pursuant to a plea agreement ("the Plea Agreement"). As part of the Plea Agreement, Hutton waived her appellate rights subject to some exceptions, one of which being her right to appeal on the basis of ineffective assistance of counsel. Hutton's defense counsel, James Gibson of the Federal Public Defender's Office, filed a signed Guilty Plea Advice of Rights Certification, and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Court addressed Hutton on the record regarding the consequences of her plea and whether it was being knowingly and voluntarily made.

On November 17, 2016, the Court sentenced Hutton to a below-Sentencing Guidelines sentence of sixty (60) months' custody to run concurrent with two state cases and thirty-six (36) months' supervised release. Hutton agreed to the forfeiture of the involved weapon. Judgment was entered on November 18, 2015. Hutton did not appeal. This is her first motion to vacate under 28 U.S.C. § 2255, and she filed it on April 27, 2016.

## III. Discussion

### A. Legal Standard

In a § 2255 proceeding if a "petitioner alleges facts that, if true, would entitle [her] to relief, then the district court should order an evidentiary hearing and rule on the merits of [her] claim." *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citations omitted). However, a district court need not hold an evidentiary hearing if the petitioner's allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). The record in this case includes the affidavit filed by Hutton's criminal defense counsel, which the United States attached to its response in opposition to Hutton's motion. (Doc. 5-1.) *See* Rule 8(a), Rules Governing 2255 Proceedings.

### B. A Limited Evidentiary Hearing is Warranted on Hutton's Claim that Defense Counsel was Ineffective in Relation to a Direct Appeal

Hutton asserts that her defense counsel's performance was constitutionally deficient because he failed to file a notice of appeal when she requested one after sentencing. However, Assistant Federal Defender James Gibson patently denies Petitioner's assertion. (Gibson Affidavit, Doc. 5-1.) Mr. Gibson swears that he "timely advised Ms. Hutton of her right to appeal," and "Ms. Hutton did not request that [he] file an appeal for her." (*Id.*)

Hutton waived certain rights when she entered into her guilty plea, but she did not waive the right to raise a claim of ineffective assistance of counsel on appeal or on collateral attack. Moreover, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

For a convicted defendant's claim of ineffective assistance of counsel to warrant post-conviction relief, two components must be present—deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. The court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In determining whether an attorney's performance fell below the objective standard of reasonableness, the court is highly deferential to counsel's decisions and must keep in mind that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged performance, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. The court must also indulge a strong presumption that counsel's performance falls within the "wide range of reasonable professional assistance." *Id.* When seeking to overcome this presumption, a movant cannot rely on bare accusations and complaints, but instead "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

A criminal defense lawyer is not under a *per se* constitutional obligation to consult with his or her client about an appeal. *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). The Supreme Court has rejected such a bright-line rule as "inconsistent with *Strickland*'s holding that the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Rather than adopt an inflexible rule, the Court has found that there is only a "constitutionally imposed duty to consult with the defendant about an appeal when there is a reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In

determining whether there was a duty to consult, courts should consider (1) whether the conviction follows a guilty plea, (2) whether the defendant received the sentence he or she bargained for, and (3) whether the plea agreement expressly waived some or all appeal rights. *Id.*

However, the Eleventh Circuit has held "that a lawyer who disregards instructions from his client to appeal has acted 'in a manner that is professionally unreasonable.'" *Gomez-Diaz v. United States*, 433 F.3d 788, 789 (11th Cir. 2005) (quoting *Flores-Ortega*, 528 U.S. at 477). In that situation, the petitioner does not have to establish prejudice beyond showing that but for counsel's deficient conduct, she would have appealed. *Id.* at 792-93; *Flores-Ortega*, 528 U.S. at 486, ("[I]t is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit . . . . Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed."). Further, the appeal waiver does not establish an absence of prejudice for ineffective assistance purposes. *See Gomez-Diaz*, 433 F.3d at 793 (favorably citing *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005) (holding that although the defendant's "appellate rights have been significantly limited by his waiver, . . . the waiver does not foreclose all appellate review of his sentence. If [the defendant] actually asked counsel to perfect an appeal, and counsel ignored the

request, he will be entitled to a delayed appeal. This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit.")).

On the other hand, guilty pleas tend to indicate that the defendant is "interested in seeking an end to the judicial proceedings." *Otero*, 499 F.3d at 1270. In *Otero*, the defendant pled guilty via a plea agreement that included a broad appeal waiver. 499 F.3d at 1270. The defendant then filed a *pro se* motion pursuant to 28 U.S.C. § 2255 alleging his counsel was ineffective for failing to file a notice of appeal after the defendant insisted he do so. *Id*. at 1269. Defense counsel denied the defendant's assertions. *Id*. The court held an evidentiary hearing and found defense counsel's testimony to be credible and the defendant's testimony not to be credible. *Id*. The court assumed, however, for the purposes of argument that defense counsel failed to consult with the defendant about an appeal. *Id*. at 1270. The court found such a failure not to be ineffective because the defendant's conviction was the result of a guilty plea; the sentence he received was within the range of what his lawyer had advised him was possible; his plea agreement included an appeal waiver with limited exceptions; he had no argument that any of the exceptions applied which meant that any appeal taken by him would have been

frivolous and would have been an appeal no rational defendant would have taken. *Id*. at 1270-71.

The instant case is factually analogous to *Otero*. Here, Hutton pled guilty pursuant to a plea agreement with a broad appeal waiver. Hutton has no plausible arguments that any of the exceptions to the waiver apply, and thus any appeal she may have filed would have been frivolous. Like the defendant in *Otero*, Hutton received a sentence that was within the range of what her lawyer would have advised her was possible. In fact, unlike the defendant in *Otero*, Hutton received a sentence below the Sentencing Guidelines range and below the sentence the United States was obligated to recommend pursuant to the Plea Agreement. Therefore, there was no reason for defense counsel to believe that Hutton would want to appeal. Thus, the only issue is whether Hutton reasonably demonstrated to her counsel that she was interested in appealing.

Defense counsel, Mr. Gibson, swears that in his last in-person conversation with Hutton on the issue of appeal, Hutton advised that she did not want him to file an appeal. (Gibson Affidavit, Doc. 5-1.) However, because Hutton says that she made such a request, this claim cannot be resolved on the existing record. The Court will hold a limited evidentiary hearing for the purpose of determining whether Hutton asked Mr. Gibson to file an appeal.

## C. The Existing Record Indicates that Hutton's Involuntary Guilty Plea Claim Lacks Merit

Hutton maintains that her Fifth Amendment Due Process rights were violated because "[c]onviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and the consequences of the plea." Hutton offers no additional information in support of this generic statement, including no specific information about how her plea was unlawfully induced, why it was not voluntarily made, or what she was not informed about or did not understand. Contrary to Hutton's assertions, the record makes clear that Hutton was extensively informed about the nature of the charges and the consequences of her plea.

First, Hutton signed and initialed every page of a fifteen-page written plea agreement which clearly set out (1) the charge and its maximum penalty, (2) the sentence the Government would recommend, (3) Hutton's waiver of certain appeal and post-conviction rights, (4) the advisory nature of the Sentencing Guidelines, and (5) other matters. The Plea Agreement also contained the following provisions:

### XIV. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of fifteen pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. By pleading guilty, I understand that I will

be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

. . . .

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understood, and approved all of the provisions of this Agreement, both individually and as a total binding agreement.

### XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

(Doc. 14 in *United States v. Hutton*, 2:15-cr-00072-LSC-HGD) (sealed)).

Second, Hutton signed and initialed a six-page Guilty Plea and Advice of Rights Certification. (Doc. 15 in *United States v. Hutton*, 2:15-cr-00072-LSC-HGD.) This Certification set out Hutton's rights in detail and includes, among others, the following provisions:

5. The court must be satisfied that the defendant completely understands the proceedings and that he/she is pleading guilty freely, voluntarily and of his own free will. Specifically, the defendant must understand that he/she has an affirmative duty to inform the court if, at any time during the plea proceeding, he/she does not understand anything that is said or done. The court will, before proceeding further, undertake all reasonable steps, including a reasonable recess to permit the defendant to further consult with counsel, to make certain that he/she does understand.

. . . .

7. The court must be satisfied that the defendant has not been coerced by any threats or induced by any improper promise (or made indirectly through those close to and capable of influencing the defendant) to enter the guilty plea, but that the plea is free, uncoerced and voluntary choice of the defendant.

(*Id.*) The Certification also includes an acknowledgement by Hutton that her attorney "has explained to [her] in detail, each of the matters set out above" and as to any matters she does not fully understand, "[she] will specifically call to the court's attention during the plea proceeding in open court." (*Id.*)

Third, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Court addressed Hutton on the record and inquired about the voluntariness of her plea and her understanding of its nature and consequences, and made a finding that her plea was knowingly and voluntarily entered. (*See* Transcript of Guilty Plea Proceeding, Doc. 39 in *United States v. Hutton*, 2:15-cr-00072-LSC-HGD.)

Guilty pleas that are induced by promises or threats or those which are not entered into knowingly subject to collateral attack on the basis of due process.

*WinthropRedin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014); *United States v. Brown*, 117 F.3d 471, 476 (11th Cir. 1997).

> At the same time, plea bargaining retains its benefits of certainty and efficiency only if dispositions by guilty plea are accorded a great measure of finality. While § 2255 exists to safeguard a person's freedom from detention in violation of constitutional guarantees, the Eleventh Circuit has observed that more often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon [her] guilty plea. As a result, the representations of the defendant, [her] lawyer, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that, in the face of the record, are wholly incredible.

*Winthrop-Redin*, 767 F.3d at 2016 (internal quotations and citations omitted).

Here, Hutton has presented nothing more than conclusory allegations that her due process rights were violated. She has fallen far short of the standard for "specific and detailed factual assertions." Further, Hutton's conclusory allegations fly in the face of record, including Hutton and her counsel's own representations at the plea hearing and the findings of the Court. Hutton's second ground for relief does not necessitate an evidentiary hearing and is due to be denied.

## IV. Conclusion

For the foregoing reasons, Hutton's § 2255 motion is hereby **DENIED** insofar as it relates to her claim that her due process rights were violated because

she did not enter into her guilty plea knowingly and voluntarily. Hutton's claim of ineffective assistance of counsel as it relates to her direct appeal is hereby **RESERVED** for an evidentiary hearing, date, time and place to be set by separate order.

    **DONE** AND **ORDERED** ON OCTOBER 6, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704